# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1015V
### UNPUBLISHED

|  |  |
|---|---|
| JESSICA BROWN,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 18, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Summer Pope Abel, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On July 13, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that her receipt of an influenza ("flu") vaccine on September 12, 2017, caused her to suffer a left-sided shoulder injury related to vaccine administration ("SIRVA").  Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 10, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for he SIRVA.  On February 11, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $85,000.00, representing compensation for her pain and suffering.  Proffer at 1.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $85,000.00, representing compensation for her pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JESSICA BROWN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 18-1015V
Chief Special Master Brian H. Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 1, 2019, respondent filed his Rule 4(c) Report, in which he recommended that the Court find petitioner entitled to compensation, and on July 10, 2019, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ("SIRVA"). Based on the evidence in the record, respondent proffers that petitioner receive an award of a lump sum of **$85,000.00** for pain and suffering, in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1, 2]

Petitioner agrees with the proffered award of $85,000.00. Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

[2] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: February 11, 2020